UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH CLARK, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:10CV1008 HEA |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

In this action under 28 U.S.C. § 2255, the Court previously ordered movant to show cause why this action should not be dismissed as time-barred. Movant has responded that the limitations period was delayed because his claim is based on facts that were not discovered until after he was sentenced. The Court finds movant's arguments unpersuasive, and the Court will summarily dismiss the case.

On July 28, 2008, movant pled guilty to aggravated identity theft and access device fraud. On November 14, 2008, the Court sentenced movant to a total term of 81 months' imprisonment. Movant did not appeal. Movant's judgment of conviction became final on November 24, 2008.

At issue is when the one-year limitations period in § 2255 began to run. Under 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > . . .
> >
> > or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant argues that subsection (4) controls in this case because he developed renal disease around the time he was sentenced and because this fact was not presented to the Court at his sentencing hearing. Movant believes the fact of his renal disease would have been legally significant during the sentencing process and may have helped him receive a shorter sentence because 18 U.S.C. § 3661 permits a district judge to hear "information concerning the background, character, and conduct of a person" who is to be sentenced.

Movant's argument fails for two reasons. First, § 3661 does not apply to plaintiff's medical condition at the time of sentencing. "[T]his statute was enacted in order to clearly authorize the trial judge to rely upon information of alleged criminal activity for which the defendant had not been prosecuted ." Smith v. United States, 551 F.2d 1193, 1196 (10th Cir. 1977). Second, and more important, movant says that he knew of the fact of his renal disease at the time of sentencing. Movant merely

argues that he did not understand the legal implications of his renal disease and its potential impact on sentencing at that time. Therefore, subsection (4) does not apply, and the limitations period began to run when the judgment of conviction became final.

For these reasons, the one-year period of limitations under § 2255 began to run on November 24, 2008, and it expired on November 24, 2009. The instant motion was signed by movant on May 26, 2010, and received by the Court on May 28, 2010. As a result, the instant motion under § 2255 is time-barred, and the Court will dismiss it under Rule 4 of the Rules Governing § 2255 Cases and Day v. McDonough, 547 U.S. 198, 210 (2006).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2254 is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 3rd day of August, 2010.

                                          HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE